IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | | |
|---|---|---|
| **MARK McMILLIN** | * | |
| Petitioner, | * | |
| v. | * | Case No.: 2:22-cv-45 |
| **AMANDA SWIADER** | * | Removed from Juvenile & Domestic Relations District Court of the |
| Respondent. | * | City of Virginia Beach |
| | | Case Nos.: JJ230800-01-00 (Child L.M.M.) |
| | * | JJ230801-01-00 (Child N.M.M.) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Respondent, Amanda Swiader, by her undersigned counsel, gives notice to this Court pursuant to 28 U.S.C. § 1441 *et seq.*, that she is removing the above captioned case from the Juvenile & Domestic Relations District Court of the City of Virginia Beach. In support of her action to remove, the Respondent states as follows:

**I.    INTRODUCTION**

1. On or about January 18, 2022, Petitioner, Mark McMillin (the "Father") filed an action against the Respondent, Amanda Swiader (the "Mother") in the Juvenile & Domestic Relations Court of the City of Virginia Beach (the "State Court"). The action is titled *Mark McMillin v. Amanda Swiader*, Case Nos. JJ230800-01-00 (Child L.M.M.) and JJ230801-01-00 (Child N.M.M.) (the "State Court Case").

2. The State Court Case is an international treaty action filed under the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Treaty"), and the federal International Child Abduction Remedies Act ("ICARA"). T.I.A.S. No. 11,670 at 1, 22514

U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10,493 (1986) (Treaty); and 22 U.S.C. § 9001 *et seq.* (ICARA).

3. The Mother was served with a Summons and a copy of the Father's Special Appearance and Petition for Return Under the Hague Convention on the Civil Aspects of International Child Abduction (the "Petition for Return") on Friday, January 28, 2022. The Father's Petition for Return references an Exhibit A (understood to be a section of the Italian Civil Code) and an Exhibit B (understood to be the Father's Treaty application form to the Italian Central Authority). The referenced exhibits were not included in the process served on the Mother on January 28, 2022. A copy of the Summons, Petition for Return, and all other accompanying papers served on the Mother on January 28, 2022 are attached hereto as **Exhibit A** (Case No. JJ230800-01-00 (Child L.M.M.)) and **Exhibit B** (Case No. JJ230801-01-00 (Child N.M.M.)).

4. The only claim asserted by the Father in his Petition for Return is "wrongful removal" under the Treaty and ICARA. *See* **Exhibits A, B**.

5. This Court has original jurisdiction based on the existence of a federal question. *See* 28 U.S.C. § 1331 (granting federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). This action arises under the Treaty and the Treaty's federal implementing legislation (ICARA). *See* **Exhibits A, B**. The action only involves the federal question; there are no other claims. *Id*. The action is therefore removeable. *See* 28 U.S.C. §§ 1331, 1441(a).

6. This Notice of Removal is filed within thirty (30) days after service upon the Mother of a copy of the Summons and Petition. *See* 28 U.S.C. § 1446(a), (b).

7. Promptly after the filing of this Notice of Removal, the Mother will file a Notice of Filing of Notice of Removal with the State Court. *See* 28 U.S.C. § 1446(d). A copy of that Notice

(without the referenced exhibit) to be filed in both State Court case numbers is attached hereto as **Exhibit C**.

## II.   FACTS[1] AND LAW SUPPORTING REMOVAL

8.   The parties are the parents of two children, L.M.M. (male; born in 2013) and N.M.M. (female; born in 2015). The Mother, Father, and children are all United States citizens.

9.   The Mother and Father are both civilian employees of the Department of Defense, assigned to the United States Navy (the "DOD").

10.   The Mother was temporarily assigned to a civilian Navy position in Naples, Italy from April 2018 through July 2021. The DOD issued three-year orders to the Mother requiring her to report temporarily to Naples, Italy in April 2018. The two children were included as DOD dependents on the Mother's orders. The Father was not included on the Mother's orders. The Father received his own separate orders through the DOD for an assignment in Naples, Italy. The children were not included as dependents on the Father's DOD orders.

11.   The parties' marriage broke down during the Mother's temporary DOD assignment in Italy. The parties separated and began living in separate temporary homes in Italy in or about March 2020. The children lived with the Mother in her temporary home and visited the Father at his temporary home.

12.   The Mother's DOD orders were scheduled to expire in April 2021. The DOD ordered a short extension of the Mother's orders to allow the children to finish their school year at the American DOD elementary school in Italy before returning home to the United States on the

---

[1] Only facts relevant to provide support and context for this Notice of Removal are included here. The Mother shall expand upon the facts stated in this Notice of Removal in her responsive pleading to the Father's Petition for Return, and in any further pleadings, papers, and testimony in this action.

Mother's orders. The Mother kept the Father fully informed of her original orders and the short extension of her original orders.

13. Upon information and belief, the Father requested that the DOD extend his own separate orders, electing to extend his time in Italy through April 2023. Upon further information and belief, the DOD extended the Father's separate orders through April 2023.

14. Throughout June and July 2021, the Father made numerous attempts to interfere with the Mother's compliance with her DOD orders. The Mother sought the assistance of her Navy command. The Naval Facilities Engineering Systems Command, Naval Support Activity Naples Security, and Naval military police intervened to ensure the Father's actions would not interfere with the Mother and children returning home to the United States in accordance with the Mother's DOD orders.

15. On July 25, 2021, the Mother and children reported to the DOD Naples Air Terminal for their military transport flight home to the United States in accordance with the Mother's DOD orders. The Father again attempted to interfere with the Mother's compliance with her DOD orders. The Navy military police intervened, and ensured the Mother and children returned home to the United States on their military transport flight as ordered by the DOD.

16. The Mother and children live in Virginia Beach, Virginia in accordance with the Mother's current DOD orders.

17. On or about January 18, 2022, the Father filed his Petition for Return against the Mother in the State Court, seeking return of the children to Italy under the Treaty and ICARA. The Mother was served on January 28, 2022.

18. As of the date of filing this Notice of Removal, the Mother intends to assert the following Treaty defenses to the Father's Petition for Return:

      A.    Italy never became the children's habitual residence, and was not the children's habitual residence at the time the Mother and children returned home to the United States as required by the Mother's DOD Orders; and

      B.    At the time the Mother and children returned home to the United States, they were required by the military necessity of Mother's DOD Orders to do so. The Mother had the exclusive right of custody at that time to determine the children's place of residence in that she was required to comply with her DOD Orders, which included the children as her DOD dependents; and

      C.    There is a grave risk that the children's return to Italy would expose the children to physical or psychological harm or otherwise place the children in an intolerable situation; and

      D.    One or both of the children object to being returned to Italy, and have reached an age and degree of maturity at which it is appropriate to take account of their views.

19.    This action involves only a federal question. *See* 28 U.S.C. §§ 1331, 1441(a). The only claim asserted by the Father is "wrongful removal" under the Treaty and ICARA. *See* **Exhibit A, B**. The suit is therefore removeable. *See* 28 U.S.C. §§ 1331, 1441(a).

20.    As required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, papers, and orders, which have been served upon the Mother in this matter, are included in **Exhibits A** and **B** to this Notice of Removal.

21.    This Notice of Removal is filed within thirty (30) days after service upon the Mother of a copy of the Summons and Petition. *See* 28 U.S.C. § 1446(a), (b).

22.    Promptly after the filing of this Notice of Removal, the Mother will file a Notice of Filing of Notice of Removal with the State Court. *See* 28 U.S.C. § 1446(d). A copy of that Notice

(without the referenced exhibit) to be filed in both State Court case numbers is attached hereto as **Exhibit C**.

23. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and ICARA § 9003(b). This Court is the federal judicial district within which the City of Virginia Beach is located, the Father's action was originally filed in the State Court in the City of Virginia Beach, and the children are located in the City of Virginia Beach.

**WHEREFORE**, Respondent, Amanda Swiader, respectfully submits that based on the allegations set forth in this Notice of Removal this action is properly removed, and respectfully requests that this Court retain jurisdiction over this action.

Respectfully submitted,

**AMANDA SWIADER**


/s/ Kelly A. Powers
Kelly A. Powers
VSB No. 84714
Miles & Stockbridge P.C.
1201 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004
(202) 465-8375
(410) 773-9102 (fax)
kpowers@milesstockbridge.com

*Attorneys for Respondent, Amanda Swiader*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2022, a copy of the foregoing Respondent's Notice of Removal was filed electronically though the Court's CM/ECF system. I further certify that a courtesy copy of the foregoing Notice of Removal was sent via email and facsimile, and that a copy was served via first class mail, postage prepaid upon:

>Erik D. Baines
>Barnes & Diehl, P.C.
>7401 Beaufont Springs Drive
>Boulders VI – Suite 200
>Richmond, Virginia 23225
>(804) 729-3411 (facsimile)
>ebaines@barnesfamilylaw.com
>
>*Attorneys for Petitioner, Mark McMillin*

>/s/ Kelly A. Powers
>Kelly A. Powers
>VSB No. 84714