# Exhibit A

# SUMMONS
## COMMONWEALTH OF VIRGINIA

Case No. JJ230800-01-00

**VIRGINIA BEACH J&DR** — Juvenile and Domestic Relations District Court

2425 NIMMO PKWY, BLDG.10A, VIRGINIA BEACH, VA 23456 (757) 385-4391
COURT'S STREET ADDRESS AND TELEPHONE NUMBER

COMMONWEALTH OF VA v./In re L█████ M M█████

| HEARING DATE | HEARING TIME | |
|---|---|---|
| 02/24/2022 | 10:00 AM | CTRM: 5 |

TO ANY AUTHORIZED OFFICER: I COMMAND YOU to summon the parties as designated below.

TO THE PERSON SUMMONED: I COMMAND YOU to appear before this Court at the date, place and time specified in this Summons to respond to the allegations in the attached documents in accordance with the provisions of the Juvenile and Domestic Relations District Court Law. Failure to appear at Court may subject you to contempt of court proceedings.

NOTE: READ THE NOTICE ABOUT RIGHT TO REPRESENTATION BY A LAWYER ON THE BACK OF THIS SUMMONS. DOCUMENT(S) ATTACHED.

[X] PETITION  [ ] Notice of Termination of Residual Parental Rights (District Court Form DC-535)  [ ] Notice to Respondent in Enforcement Proceeding Under Virginia Code § 20-146.29 of the Uniform Child Custody Jurisdiction and Enforcement Act

[ ] Notice of change in date and/or time of hearing

[ ] Notice to juvenile to show cause why the juvenile's driver's license should not be suspended under Virginia Code § 46.2-334.001.

[X] JUVENILE CIVIL PETITION/AFFIDAVIT

01/25/2022
DATE ISSUED

[signature] [ ] CLERK [ ] JUDGE

**RETURNS:** Each person was served according to law, as indicated below, unless not found.

Name and Address:
AMANDA M SWIADER
2508 FALCON CRES
VIRGINIA BEACH, VA 23454

[ ] PERSONAL SERVICE   Tel. No. ................

Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Not found
SERVING OFFICER
.................... for ....................
DATE

**DISABILITY ACCOMMODATIONS**
for loss of hearing, vision, mobility, etc., contact the court ahead of time.

**APPROPRIATE DRESS IS REQUIRED FOR ALL COURT PROCEEDINGS**
(Shorts, tank tops, mini-skirts, cut-off jeans, and clothing with obscene or vulgar wording or pictures are NOT appropriate)

COPY

FORM DC-510X (FRONT) 07/09

# RIGHT TO REPRESENTATION BY A LAWYER

Va. Code § 16.1-266

A lawyer may be appointed only in those cases described below.

**NOTE:** In determining whether a person is entitled to a court-appointed lawyer or if a parent is financially able to pay for a lawyer, such adult and, if applicable, the parents of a juvenile shall complete a financial statement form and sign a statement of indigency.

The Court shall appoint a lawyer as guardian *ad litem* to represent any child alleged to be abused or neglected, or for a child who is the subject of an entrustment agreement or of a petition seeking termination of residual parental rights or consent to a parental placement adoption, or who is before the Court when the parent desires for good cause to be relieved of care and custody.

Prior to a detention hearing, the Court shall appoint a lawyer to represent the child unless a lawyer has been retained and appears on the behalf of the child, and the child's indigence shall be presumed for the purposes of this appointment only. Prior to any subsequent hearing by the Court of any case involving a child alleged to be in need of services or supervision or alleged to be delinquent, such child has a right to be represented by a lawyer of the child's own choice, or, if the Court determines that the child is indigent within the contemplation of the law and his or her parents, guardian, legal custodian, or other person standing in *loco parentis* does not retain a lawyer for the child, the Court shall appoint a lawyer to represent the child unless an appropriate waiver of counsel has been accepted by the Court. A child who is alleged to have committed an offense that would be a felony if committed by an adult may not waive the right to counsel prior to consulting an attorney and the court determining that the waiver of the right to counsel is free and voluntary.

If the Court appoints a lawyer to represent the child, and finds that the parents are financially able to pay for the lawyer and refuse to do so, the Court shall assess the costs of legal services against the parents. The child in some cases may waive his right to be represented by a lawyer, if the Court finds that the child and parents, guardian, legal custodian, or other person standing in *loco parentis*, consent in writing and the interests of such individuals are not adverse.

Prior to a hearing by the Court of any case involving an adult who is charged with abuse or neglect of a child or at which a parent could be subjected to the loss of residual parental rights, and prior to the adjudicatory hearing of a petition in which a child is alleged to be abused or neglected or at risk of abuse or neglect, the child's parent or guardian or the adult has a right to representation by a lawyer of his own choice, and if such parent, guardian or adult is indigent, the Court shall appoint a lawyer to represent him, and such parent, guardian or other adult may waive the right to representation by a lawyer. In addition, the Court shall consider appointing a lawyer to represent the parent or guardian of a child who is the subject of a foster care plan, foster care review or permanency planning hearing.

In all other cases, the Court in its discretion may appoint a lawyer or guardian *ad litem* to represent the interest of the child or the parent or guardian. However, if a child's custody is in dispute and the parents or other parties seeking custody are represented by lawyers, no lawyer will be appointed to represent the child unless the judge finds that the child's interests are not otherwise adequately represented.

**NOTICE REGARDING GUARDIANS *AD LITEM*:** If you are a parent of a child for whom a guardian *ad litem* is appointed in a proceeding or a party with a legitimate interest in such child, you will be required to reimburse the Commonwealth for the cost of the guardian *ad litem*. The amount you are required to pay may not exceed the amount awarded to the guardian *ad litem* by the court and it may be reduced or eliminated if the court determines that you are indigent or otherwise unable to pay.

**NOTICE REGARDING REMOVAL HEARINGS ONLY:** If you are a parent, guardian, legal custodian or other person standing in loco parentis to a child and if the child is the subject of a removal proceeding at which the court will consider whether to remove the child from his/her home and the court determines that the child should be removed from his/her home, the court will consider whether you should be required to pay child support for this child.

**NOTICE REGARDING JUVENILE COMMITMENT:** If you are a parent or other person legally obligated to care for and support a juvenile who is the subject of a delinquency proceeding, you may be required to pay a reasonable sum for treatment of the juvenile if the juvenile is committed to the Department of Juvenile Justice or to a secure local facility.

| I certify that I mailed a copy of this document to the parties named on the front at the address shown on the front on: |
|---|
| ................................................  _____ |
| DATE |

VIRGINIA:

IN THE JUVENILE AND DOMESTIC RELATIONS DISTRICT COURT OF THE CITY OF VIRGINIA BEACH

MARK McMILLIN  Petitioner,
*Appearing specially*

v.   Case Nos.  ▮▮-JJ230800-01-00
       ▮▮-JJ230901-01-00
AMANDA SWIADER  Respondent.

## SPECIAL APPEARANCE AND PETITION FOR RETURN UNDER THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION

COMES NOW, Petitioner, Mark McMillin, (hereinafter "Father") by counsel, appearing specially for the purpose of a Hague Convention Petition for Return and contesting personal and subject matter jurisdiction for other proceedings, and petitions this Court for return of the parties' children (listed below in "Facts" section) to Italy pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (hereinafter "Hague Convention") and the Prevention of Child Abduction Partnership Act ("PCAPA"), which has also been known as the International Child Abduction Remedies Act ("ICARA"), (22 U.S. C. 9001 *et seq.*) (formerly 42 U.S.C. 11601 *et seq.*), and in support thereof respectfully states as follows:

### JURISDICTION

1. State courts have jurisdiction to decide Hague Convention matters. 22 U.S.C. § 9003(a)

2. This Court is specifically authorized to decide this matter by virtue of the children's current location. 22 U.S.C. § 9003(b)

3. This Court must resolve this matter "in accordance with the [Hague] Convention."

Page 1 of 4

22 U.S.C. § 9003(d).

4. This Court "shall not decide on the merits of rights of custody" until the Hague Convention matter is resolved. Hague Convention Art. 16; *see also* 22 U.S.C. § 9001(b)(4) ("The Convention and this Act empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims.")

5. This Court shall order Respondent, Amanda Swiader, (hereinafter "Mother") "to pay necessary expenses incurred by or on behalf of [Father], including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of [Petitioner], and those of returning the child." Hague Convention Art. 26; 22 U.S.C. § 9007(b).

6. Italy is a party to the Hague Abduction Convention and is a treaty partner under the same with the United States.[1]

## LAW

7. This Court may take such measures "as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

8. This Court "shall act expeditiously in proceedings for the return of children." Hague Convention Art. 11.

9. Where a child has been "wrongfully removed or retained" this Court "shall order

---

[1] This is important as, for example, Russia is a Hague Abduction partner, but does not recognize the United States as a treaty partner.

the return of the child forthwith." *Id.* Art. 12.

10. A child is "wrongfully removed or retained" where the removal or retention "is in breach of rights of custody… under the law of the State[, here Italy,] in which the child was habitually resident immediately before the removal or retention" and those custody rights were "actually exercised" or would have been, but for the wrongful removal or retention. *Id.* Art. 3.

11. "[R]ights of custody" are defined by the Hague Convention as "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." Art. 5.

12. In Italy, parents have joint rights of custody unless and until otherwise determined by an Italian court. *See* **Exhibit A**; *also available at:* *https://www.normattiva.it/uri-res/N2Ls?urn:nir:stato:regio.decreto:1942-03-16;262* *(Italian Civil Code, Art. 337-ter)*

## FACTS

13. The parties have two children: I___ M___, age 8 and N___ M___, age 6.

14. The children are habitual residents of Italy, having moved to Italy from California approximately three and one-half (3½) years ago.

15. Mother wrongfully removed the children from Italy on July 25, 2021 over Father's explicit objection.

16. Mother currently resides at 2508 Falcon Cres, Virginia Beach, Virginia, within the jurisdiction of this Court.

17. Attached **Exhibit B** is Father's Hague Convention petition as filed in the appropriate office designated by Italy's Central Authority as required by the Hague Convention.

WHEREFORE, Petitioner prays that a date be set for hearing this Petition within six weeks and preferably sooner, that the Court order the children returned to Italy and accompanied by Petitioner, and that it enjoin any substantive custody proceedings concerning these children until the conclusion of this Hague Convention proceeding (as is expressly required by the Hague Convention, PCAPA, and the UCCJEA), that it make an immediate *ex parte* order placing the children with Petitioner pending the resolution of this proceeding and securing Respondent's passports and ordering Respondent to provide the children's passports to Petitioner or, in the alternative, secure the children's passports; and for such other and further relief as the return of the children may require.

Respectfully submitted,

MARK McMILLIN,

By: *[signature]*
Counsel

Erik D. Baines (VSB #83618)
Barnes & Diehl, P.C.
7401 Beaufont Springs Drive
Boulders VI - Suite 200
Richmond, Virginia 23225
(804) 414-1600 or -1622 (telephone)
(804) 729-3411 (facsimile)
ebaines@barnesfamilylaw.com

**AFFIDAVIT** (Uniform Child Custody Jurisdiction and Enforcement Act)  
**COMMONWEALTH OF VIRGINIA**   Va. Code § 20-146.20

Case No. ............................................

[ ] Circuit Court  
[x] Juvenile and Domestic Relations District Court

Virginia Beach

*In re:* L▌▌ M▌▌ M▌▌ (DOB: ▌▌2013) and N▌▌ M▌▌ M▌▌ (DOB: ▌▌2015)  
JUVENILE

Mark McMillin   v.   Amanda Swaider

I, ......Mark McMillin...... the undersigned affiant, state the following information under oath:

[ ] Certain information has been omitted from this form and submitted under seal because I allege that the health, safety or liberty of a party or child would be jeopardized by disclosure. Another party may request that a hearing be held to determine whether this information should be disclosed.

1. The child presently resides at: ......2508 Falcon Cres, Virginia Beach, VA 23454......  
   ADDRESS

   The child commenced residing there on ......August 28, 2021...... and has resided there continuously to this date.  
   DATE

2. The other places where and persons with whom this child has lived during the last five (5) years : (please complete reverse side).

3. I [X] have [ ] have not participated, either as a party, witness, or in any other capacity in any other litigation (court proceeding) concerning custody of or visitation with this child, in any State or foreign country. If yes, complete below:

   a. Name of Court and State or foreign country in which litigation occurred: ......San Diego, CA......
   b. When did the litigation occur: ......July 23 - October, 2021......
   c. What was the outcome of the litigation: ......Case closed - judge refused jurisdiction......
   d. Attach a copy of all pleadings and Orders filed in this litigation.

4. I [ ] do [X] do not have knowledge or information of any proceeding that could affect this proceeding, including but not limited to custody, visitation, paternity, support, enforcement proceedings, proceedings related to domestic violence, protective orders, abuse and neglect, termination of parental rights and adoptions, which is pending in a court of this or any other State or foreign country. If yes, complete below:

   a. Name of Court and State or foreign country in which proceeding is pending: ..............................
   b. Attach a copy of all pleadings filed in the litigation.

5. I [ ] do [X] do not know of any person who is not already named as a party in this proceeding who has physical custody of this child or who claims to have custody or visitation rights with respect to child. If yes:

   a. Name and address of person: ..............................
   b. Does this person have physical custody of the child? [ ] Yes [ ] No
   c. State why you believe this person claims to have custody/visitation rights to the child: ..............................

6. I understand that I have an obligation to promptly inform this court if I later become aware of any other proceedings, including but not limited to custody, visitation, paternity, support, enforcement proceedings, proceedings related to domestic violence, protective orders, abuse and neglect, termination of parental rights and adoptions, either in this or any other State or foreign country that could affect the current proceeding.

*[signature]*  
SIGNATURE OF AFFIANT

Subscribed and sworn to before me on ..............................  
DATE

Title: ..............................

SIGNATURE

**FOR NOTARY PUBLIC'S USE ONLY:**

State of ......Virginia......   [ ] City, [X] County of ......Chestafield......

Acknowledged, subscribed and sworn to before me this ...15th... day of ......January......, 20..22..

......7179258......   ......Susan C. Pulley......   ......2/29/2024......  
NOTARY REGISTRATION NUMBER   NOTARY PUBLIC   (My commission expires:)

*[Notary seal: SUSAN C PULLEY, NOTARY PUBLIC, REG # 7179258, MY COMMISSION EXPIRES 2/29/2024, COMMONWEALTH OF VIRGINIA]*

FORM DC-620 (FRONT) 05/08

**AFFIDAVIT** (continued) Question #2: Places where and persons with whom the child has lived during the last five (5) years.

| | DATE | ADDRESS WHERE CHILD RESIDED | PERSON WITH WHOM CHILD RESIDED | CURRENT ADDRESS OF PERSON WITH WHOM CHILD RESIDED |
|---|---|---|---|---|
| From | January 1, 2017 | 4503 Calle De Vida, San Diego, CA 92124 | Mark McMillin and Amanda Swiader | 2508 Falcon Cres, Virginia Beach, VA |
| To | April 15, 2018 | TRV Monteruscello II 185 Arco Felice 80078 | Mark McMillin and Amanda Swiader | PSC 817 Box 325, FPO AE 09622 |
| From | April 15, 2018 | TRV Monteruscello II 185 Arco Felice 80078 | Mark McMillin and Amanda Swiader | 2508 Falcon Cres, Virginia Beach, VA |
| To | February 24, 2020 | Via Tripergola 24 80078 Pozzuoli, NA Italy | 50/50 | PSC 817 Box 325, FPO AE 09622 |
| From | February 24, 2020 | Via Tripergola 24 80078 Pozzuoli, NA Italy | 50/50 | 2508 Falcon Cres, Virginia Beach, VA |
| To | July 25, 2021 | | | PSC 817 Box 325, FPO AE 09622 |
| From | July 25, 2021 | San Diego, CA | Amanda Swiader 100% after abduction | 2508 Falcon Cres, Virginia Beach, VA |
| To | August 28, 2021 | 2508 Falcon Cres, Virginia Beach, VA | | |
| From | August 28, 2021 | 2508 Falcon Cres, Virginia Beach, VA | Amanda Swiader 100% after abduction | 2508 Falcon Cres, Virginia Beach, VA |
| To | January 18, 2022 | | | |
| From | | | | |
| To | | | | |
| From | | | | |
| To | | | | |
| From | | | | |
| To | | | | |
| From | | | | |
| To | | | | |
| From | | | | |
| To | | | | |
| From | | | | |
| To | | | | |

FORM DC-620 (REVERSE) 11/96